IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MIKE REDFORD,**  *Petitioner*,  v.  **STATE BAR OF GEORGIA,** *et al.*,  *Respondent.* | **CIVIL ACTION NO. 5:19-cv-00155-TES-CHW** |

### ORDER

Before the Court is Petitioner Mike Redford's Motion for Leave to Appeal *In Forma Pauperis* [Doc. 36], which the Court construes as both an motion for leave to appeal *in forma pauperis* and an implied motion for a certificate of appealability ("COA"). On May 27, 2020, this Court dismissed Petitioner's Rule 60(b) motion to set aside this Court's previous habeas judgment on the grounds that Redford failed to satisfy the criteria for reopening final judgment. [Doc. 27]; [Doc. 26]. On June 9, 2020, Petitioner filed a Notice of Appeal challenging the Court's Order. [Doc. 28]. For the reasons stated below, the Court **DENIES** Petitioner's Motion for Leave to Appeal *In Forma Pauperis* [Doc. 36].

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Cases. In the Eleventh Circuit, "a certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding." *Williams v. Chatman*, 510 F.3d 1290, 1294 (11th Cir.2007); *Gonzalez v. Sec'y for Dept. of Corrections*, 366 F.3d 1253, 1263 (11th Cir.2004). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability is a threshold requirement that filters from the appellate process cases in which the possibility of reversal is "too unlikely to justify the cost for the system of a full appellate examination." *Gonzalez*, 366 F.3d at 1264. Thus, a certificate of appealability should not issue in the appeal from the denial of a Rule 60(b) motion unless Petitioner shows, at a minimum, that it is debatable among jurists of reason whether the district court abused its discretion in denying the motion. *See Mobley v. Head*, 306 F.3d 1096, 1097 (11th Cir. 2002).

In this case, issuance of a COA is not warranted because, for the reasons noted in the orders dismissing Petitioner's Rule 60 motion, it is not debatable among jurists of reason whether the Court abused its discretion in denying the motion. [Doc. 26]; [Doc. 27]. Petitioner may seek a COA from the Eleventh Circuit pursuant to Fed. R. App. P. Rule 22(b)(1) and Rule 22–1(b) of the Eleventh Circuit Rules. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in

good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). Accordingly, the Court **DENIES** Petitioner's motion for leave to appeal *in forma pauperis* [Doc. 36].

**SO ORDERED**, this 17th day of July, 2020.

S/ Tilman E. Self, III  
**TILMAN E. SELF, III, JUDGE**  
**UNITED STATES DISTRICT COURT**